**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOHN HARVEY, | : | CIVIL CASE NO. |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| | : | |
| TOWN OF GREENWICH, | : | |
| Defendant. | : | JUNE 4, 2021 |

**COMPLAINT**

I.      **PRELIMINARY STATEMENT**

1.      This action seeks declaratory, injunctive, and equitable relief, and compensatory damages, and costs and attorney fees for the race discrimination suffered by the plaintiff when the defendant, Town of Greenwich,  refused to appoint the plaintiff to the position of Commissioner of Human Services because of the plaintiff's Caucasian race, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended.

2.      Moreover, this action is brought against the defendant, Town of Greenwich, pursuant to the provisions of Title 42 U.S.C. § 1983 to redress the violations of the Civil Rights Act of 1866 as amended by the Civil Rights Act of 1991, Title 42 U.S.C. § 1981, by the Town of Greenwich when it refused to hire the plaintiff to the position of Commissioner of Human Services on account of the plaintiff's race.

3.      Additionally, this action seeks declaratory, injunctive, and equitable relief, monetary and liquidated damages, and costs and attorney fees for the age discrimination

suffered by the plaintiff when the defendant, Town of Greenwich, refused to hire the plaintiff to a position of Commissioner of Human Services on account of plaintiff's age.

4.     In addition, this action is brought against the defendant, Town of Greenwich, pursuant to the Connecticut Fair Employment Practices Act, Section 46a-51, et seq., in which the plaintiff seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney fees for the age and race discrimination suffered by the plaintiff when the defendant, Town of Greenwich, refused to hire the plaintiff to the position of Commissioner of Human Services on account of the plaintiff's age and race.

## II.     JURISDICTION

5.     This action arises under The Age Discrimination In Employment Act, Title 29 U.S.C. §621 et seq.

6.     Further, this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

7.     Additionally, this action also arises under the provisions of Title 42 U.S.C. §1983 for a violation by the defendant, Town of Greenwich, of Title 42 U.S.C. § 1981.

8.     Moreover, the plaintiff brings this action claiming a violation of the Connecticut Fair Employment Practices Act.

9.     Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4), Title 29 U.S.C. §626(b) and Title 42 U.S.C. §2000e-5(f).

10. Jurisdiction is invoked pursuant to Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1343(a)(3), Title 28 U.S.C. § 1343(a)(4), Title 28 U.S.C. § 220l(a), Title 42 U.S.C. §2000e-5(f), and Title 29 U.S.C. §626(b).

11. Jurisdiction is also invoked against the defendant, Town of Greenwich, under the provisions of Title 42 U.S.C. § 1983, which provides the plaintiff a remedy for the violation by the defendant, Town of Greenwich, of the rights secured to the plaintiff by Title 42 U.S.C. § 1981.

12. Jurisdiction over the plaintiff's state law claims against the defendant, Town of Greenwich is invoked pursuant to the Court's supplemental jurisdiction.

13. All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), and the Age Discrimination in Employment Act ("ADEA") occurred or have been complied with in the following manner:

   a. A charge of employment discrimination on the basis of race was filed on or about October 20, 2020, with both the State of Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission, which filings were within 300 days of the commission of the unlawful employment practices alleged herein;

   b. On May 7, 2021, the plaintiff was issued a "Dismissal and Notice of Rights" by the United States Equal Employment Opportunity Commission.  (A copy of which is attached and labeled *Exhibit 1*).

    c.  On April 30, 2021, the Connecticut Commission on Human Rights and Opportunities issued to the plaintiff a "Release of Jurisdiction. (A copy of which is attached and labeled *Exhibit 2*).

    d.  More than sixty days have passed since the plaintiff filed his charge of a violation of the ADEA with the United States Equal Employment Opportunity Commission.

14.    Declaratory, injunctive, compensatory, and equitable relief is sought pursuant to Title 28 U.S.C. §2201, and Title 28 U.S.C. §2202.

15.    Compensatory damages are sought pursuant to Title 42 U.S.C. §1981 and Title 42 U.S.C. §1981a.

16.    Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §1988.

## III.   VENUE

17.    This action properly lies in the United States District Court for the District of Connecticut pursuant to Title 28 U.S.C. §1391(b), because the claims of the plaintiff arose in this judicial district, and the defendant, Town of Greenwich, is located within the District of Connecticut.

18.    This action also properly lies in the United States District Court for the District of Connecticut pursuant to Title 29 U.S.C. §626, because the unlawful employment practice was committed in this judicial district.

## IV.   PARTIES

19.   The plaintiff is a citizen of the United States residing in the town of Greenwich, state of Connecticut.

20.   The plaintiff's race is Caucasian.

21.   The plaintiff's date of birth June 22, 1962.

22.   The defendant, Town of Greenwich, is a municipal corporation organized and existing under the laws of the State of Connecticut, and is a political subdivision of the State of Connecticut.

23.   The defendant is a person within the meaning of Title 29 U.S.C. §630 (a).

24.   The defendant is an employer within the meaning of Title 29 U.S.C. §630 (b).

25.   The defendant is a person within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(a).

26.   The defendant is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(b).

27.   The defendant employs in excess of twenty employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year.

28.   The defendant is a person within the meaning of Title 42 U.S.C. § 1983.

29.   The defendant at all times relevant to this action, acted under color of state law.

V.   **STATEMENT OF FACTS**

30.   The plaintiff holds a bachelor's degree, with a major in Sociology, awarded to him by the University of Connecticut.

31.   The plaintiff also holds a master's degree in Social Work, with a major in
      Casework and a minor in Administration, awarded to him by the University of
      Connecticut.

32.   The plaintiff has been professionally licensed by the State of Connecticut to
      practice and provide services as a Licensed Clinical Social Worker ("LCSW").

33.   The plaintiff has worked in the field of human services for approximately thirty
      years of which twenty of those years were in case management, and twelve years
      as a Licensed Clinical Social Worker.

34.   During the thirty years of his work in the field of human services, the plaintiff has
      worked for both private and public sector social service organizations in which he
      has not only provided direct client services but has also been responsible for the
      supervision of other social workers.

35.   In addition, during his thirty-year career, the plaintiff has successfully managed
      the overall operation of a public sector social service agency responsible for
      providing social services to the community it serves.

36.   In December 2013, the plaintiff commenced his employment as a case manager in
      the defendant's Department of Human Services.

37.   As a case manager in the Department of Human Services, the plaintiff provided
      case management services to the residents of the Town of Greenwich, which
      included assisting clients with housing, employment, food, mental health,

education needs and state benefits, as wells as leading hoarding task force of the
town of Greenwich.

38.     On or about April 24, 2019, the plaintiff applied for the position of Director of
Case Management in the defendant's Department of Human Services.

39.     On or about May 24, 2019, the plaintiff was promoted by the defendant to the
position of Director of Case Management on an acting basis.

40.     In June 2019, the defendant promoted the plaintiff to the position of Director of
Case Management on a permanent basis.

41.     As Director of Case Management, the plaintiff was responsible for supervising
case managers, hiring and training staff, assigning cases, leading unit meetings,
setting policy and procedures, coordinating trainings and conferences, and
enhancing and strengthening partnerships in the Greenwich community.

42.     On assuming the title of Director of Case Management, the plaintiff took steps to
improve employee morale, office atmosphere, and staff satisfaction.

43.     As Director of Case Management, the plaintiff rewrote the case manager job
descriptions in both English and Spanish, and oversaw the successful hiring of
seven qualified employees during the following three years.

44.     Further, as Director of Case Management, the plaintiff improved working
conditions in the office for staff and clients by acquiring headsets for staff who
had physical limitations; providing staff with noise cancelling machines to foster
client confidentiality; decreasing the tension on the entrance door to the

department to accommodate individuals with physical limitations by making it easier to open the door; and installing a window in the office door and front staff plexiglass divider for employee safety.

45.     In addition, as Director of Case Management, the plaintiff initiated a change in office hours to 8:30 a.m. to 4:30 p.m. (from a shift schedule) to stabilize the office, by improving fairness in staff scheduling, and increasing staff safety.

46.     As Director of Case Management, the plaintiff had successfully implemented the following programs:

A.  By utilizing the Uniform Relocation Assistance Act (URAA) in coordination with the town of Greenwich legal department, the department was able to successfully support numerous families to avoid becoming homeless.

B.  He helped create, coordinate, and implement the Windrose school, an alternate high school internship-based program for students who are over age and under credit.

C.  He planned, developed, and established a Hoarding Task Force comprised of town departments (Police, Fire, Building, Nuisance, Health, Animal control, GEMS), which met quarterly, as well as writing the policies and procedures for addressing hoarding cases.

D.  The plaintiff organized and assisted the running of the Department of Human Service's grocery delivery program for seniors in conjunction

with Neighbor to Neighbor and the Salvation Army during the Covid-19 pandemic.

47.   The plaintiff led the Department of Human Services for the first six months of the Covid-19 pandemic, when the Commissioner of Human Services stopped coming to the office.

48.   During the Commissioner of Human Services' absence, the plaintiff kept the office functioning, assured that clients' needs were met, and the safety of the department's workers maintained.

49.   Throughout his employment with the defendant, the plaintiff has performed his job duties in an exemplary manner.

50.   On or about February 20, 2020, Human Services Commissioner, Dr. Alan Barry, announced his retirement.

51.   On or about February 24, 2020, the plaintiff applied for appointment to the position of Commissioner of the defendant's Department of Human Services.

52.   Based on his years of experience and excellent job performance, the plaintiff was fully qualified for employment as the defendant's Commissioner of Human Services.

53.   In finding a replacement for Dr. Barry as Commissioner of Human Services, the defendant employed The Research Group to oversee the selection process.

54.   On or about April 16, 2020, recognizing the plaintiff's expertise, Karen Brennan of The Research Group sought the plaintiff's input in identifying the requisite

knowledges, skills and abilities that candidates for the position of Commissioner of Human Services should possess.

55.     Before expressing his opinion, the plaintiff explained to Ms. Brennan that he had personally applied for the position of Commissioner of Human Services.

56.     On April 28, 2020, Ms. Brennan met with the personnel of the Department of Human Services and requested their input into the qualities that a candidate for the position of Commissioner of Human Services should possess.

57.     In her discussion with the personnel of the Department of Human Services, Ms. Brennan erroneously informed the personnel that, as of that date, no one had applied for the position, even though the plaintiff had informed her on April 16, 2020, that he had applied for the position.

58.     On May 18, 2020, the plaintiff was interviewed telephonically by Ms. Brennan for the position of Commissioner of Human Services.

59.     On May 28, 2020, the plaintiff was interviewed, using the Zoom remote platform, by the five-member Board of Human Services hiring committee for the position of Commissioner of Human Services.

60.     On June 18, 2020, the plaintiff received a second, extremely hostile interview, using the Zoom platform, with four of the five members of the Board of Human Services hiring committee.

61.     Within an hour of the conclusion of the plaintiff's interview, the chairperson of the Board of Human Services, Alan Gunzberg, informed Monica Bruning,

Director of Human Services Programs, that "ten years ago, we hired a white male, Alan got us to this point, but we need someone else to take it to the next level".

62.   On June 19, 2020, Alan Gunzberg told Tina Corlett that "if it were ten years ago, we would have hired another old white guy."

63.   On June 25, 2020, after Karen Brennan informed the plaintiff that he would not be allowed to proceed any further in the selection process for the position of Commissioner of Human Services, the plaintiff informed her of the ageist and racist comments made by a member of the Board of Human Services, without specifying that the Board member was Alan Gunzberg.

64.   On June 26, 2020, after the plaintiff informed Karen Brennan's supervisor, Debra Hertz, of the ageist and racist comments, she responded by telling the plaintiff that Alan Gunzberg had admitted to having the conversation with the Department of Human Services staff member.

65.   On July 30, 2020, the plaintiff informed Mary Pepe, the defendant's Director of Human Resources of Alan Gunzberg's ageist and racist comments.

66.   On August 24, 2020, the defendant appointed Demetria Nelson to the position of Commissioner of Human Services.

67.   Demetria Nelson is substantially younger than the plaintiff.

68.   Demetria Nelson is of the African American race, and her color is Black.

69.   The plaintiff possesses unparalleled experience in the social services field, including the following:

A. From October 2006 to July 2008, the plaintiff was employed in the role of coordinator and supervisor of the Kids in Crisis organization.

B. As coordinator and supervisor of the Kids in Crisis organization, the plaintiff coordinated overnight programs and supervised resident counsellors at two sites, ten residents each, between the ages of newborn to seventeen.

C. From November 2008 to August 2009, the plaintiff worked as team leader for the Liberation House, in which position he had the responsibilities of supervising clinical and residential staff, hiring and training staff, assigning cases, leading weekly staff meetings, developing policy and treatment curriculum, auditing charts, maintaining records, conducting individual and group sessions, liaising to outpatient/methadone clinic and assuming director's duties in their absence.

D. From August 2009 to May 2011, the plaintiff held the position Onsite Director of Behavioural Health for Fairfield County, Community Health Center, Inc. for Danbury, Stamford, and Norwalk, Connecticut, in which he

    a. supervised clinical staff, coordinated on-site quality assurance activities, and peer reviews.

    b. conducted psychotherapy with individuals, families and groups for children and adults.

    c. coordinated with community agencies and maintained site pursuant to Connecticut General Statutes and Community Health Center policies.

       d.  facilitated the opening of behavioral health sites in Stamford and Norwalk, which prior to his involvement, lacked behavioral health services at the sites.

       e.  The sites are now succeeding and are currently being utilized by clients of the Greenwich Department of Human Services for their mental health needs.

   E.  The plaintiff's work for the Community Health Center Inc., included the hiring of social workers and psychiatrists.

   F.  From January 2011 to June 2017, the plaintiff carried on a private practice under the trade name of Scott Harvey, LCSW, in which he provided outpatient mental health therapy to children, adults, couples, and families.

70.   The plaintiff's qualifications and experience far exceed those of Demetria Nelson.

71.   The defendant hired Demetria Nelson to the position of Commissioner of Human Services even though she was less qualified than the plaintiff in terms of human services experience, history of accomplishments and performance of managerial duties.

72.   But for the plaintiff's age, he would have been appointed to the position of Commissioner of Social Services for the Town of Greenwich.

73.   The plaintiff's race was a motivating factor in the defendant's refusal to appoint the plaintiff Commissioner of Human Services.

74.     The plaintiff has suffered financially because of the discriminatory conduct of the defendant.

75.     The plaintiff has suffered emotional distress because of the discriminatory conduct of the defendant.

VI.     **FIRST CAUSE OF ACTION AS TO THE DEFENDANT, TOWN OF GREENWICH (Unlawful Discrimination In Violation Of Title VII Of The Civil Rights Act Of 1964)**

76-150. The plaintiff incorporates as if re-alleged paragraphs 1 through 75.

151.    The defendant violated the provisions of Title VII of the Civil Rights Act of 1964, as amended, when it refused to appoint the plaintiff to the position of Commissioner of Human Services because of his race.

152.    There did not exist a legitimate non-discriminatory reason for the defendant to refuse to appoint the plaintiff to the position of Commissioner of Human Services.

153.    The plaintiff was fully qualified to perform the duties of the position of Commissioner of Human Services.

154.    The defendant discriminated against the plaintiff on the basis of his race when it appointed Demetria Nelson, who is African American, in place of the plaintiff.

155.    Because the plaintiff's race was a motivating factor and made a difference in the decision of the defendant to bypass the plaintiff for appointment to the position of Commissioner of Human Services, the defendant violated the provisions of Title VII of the Civil Rights Act of 1964, as amended.

156.    The defendant intentionally engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

157.    As a result of the unlawful acts of the defendant the plaintiff has suffered monetary losses.

158.    As a result of the unlawful acts of the defendant the plaintiff has suffered emotional distress.

VII.    **SECOND CAUSE OF ACTION AS TO THE DEFENDANT, TOWN OF GREENWICH (Unlawful Discrimination in Violation of Title 42 U.S.C. §§ 1981 and 1983)**

159-233. The plaintiff incorporates as if re-alleged paragraphs 1 through 75.

234.    The defendant is a public-sector employer and is a person under the provisions of Title 42 U.S.C. § 1983.

235.    The defendant is the appointing authority and final decision-maker in selecting a candidate for appointment to the position of Commissioner of Human Services.

236.    The decision of the defendant in refusing to appoint the plaintiff to the position of Commissioner of Human Services is final and non-appealable.

237.    The Greenwich City Charter does not provide the plaintiff with an appeal from the defendant's decision not to appoint the plaintiff to the position of Commissioner of Human Services.

238.    Title 42 U.S.C. § 1983 provides, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

15

Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities *secured by the Constitution and laws*, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. (Emphasis added).

239.    Title 42 U.S.C. § 1981 provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

240.    Although § 1981 does not itself use the word "race," the section has been construed by the United States Supreme Court to forbid all "racial" discrimination in the making of private as well as public contracts. *Runyon v. McCrary,* 427 U. S. 160, 427 U. S. 168, 427 U. S. 174-175 (1976). *St. Francis Coll. v. Al-Khazraji,* 481 U.S. 604 (1987).

16

241.   The defendant is liable to the plaintiff, pursuant to the provisions of Title 42 U.S.C. § 1983, "in an action at law, suit in equity, or other proper proceeding for redress …," because the defendant, acting "under the color of the city charter, ordinances, regulations, customs or usages," discriminated against the plaintiff on account of his race, thereby depriving him of rights secured to him by Title 42 U.S.C. § 1981.

242.   The defendant violated the provisions of Title 42 U.S.C. § 1981, when it refused to appoint the plaintiff to the position of Commissioner of Human Services on account of his race.

243.   The defendant acted under the color of law when it refused to appoint the plaintiff to the position of Commissioner of Human Services on account of his race.

244.   The defendant intentionally discriminated against the plaintiff in violation of Title 42 U.S.C. § 1981, when it refused to appoint the plaintiff to the position of Commissioner of Human Services on account of his race.

245.   The defendant discriminated against the plaintiff on account of his race when it appointed Demetria Nelson to the position of Commissioner of Human Services because of her African American race.

246.   But for the plaintiff's race, the plaintiff would have been promoted to the position Commissioner of Human Services.

247.   There did not exist a legitimate non-discriminatory reason for the defendant to refuse to appoint the plaintiff to the position of Commissioner of Human Services.

248.   The plaintiff was fully qualified to perform the duties of to the position of Commissioner of Human Services.

249.   The defendant's refusal to appoint the plaintiff to the position of Commissioner of Human Services was performed pursuant to a municipal policy, custom and usage, which as the final decision-maker, it established when it discriminatorily refused to appoint the plaintiff to the position of Commissioner of Human Services on account of his race.

250.   Because the plaintiff's race was the determinative factor and "but for" cause for the decision by the defendant to refuse to appoint the plaintiff to the position of Commissioner of Human Services, the defendant violated the provisions of Title 42 U.S.C. § 1981 made actionable against the defendant pursuant to the provisions of Title 42 U.S.C. §1983.

251.   The defendant intentionally engaged in discrimination against the plaintiff with malice or reckless indifference to the rights secured to the plaintiff under Title 42 U.S.C. § 1981 for which Title 42 U.S.C. §1983 provides the plaintiff a remedy.

252.   Title 42 U.S.C. §1983 provides the plaintiff with a remedy for the violation by the defendant of the rights secured to the plaintiff by Title 42 U.S.C. §1981.

253.   As a result of the unlawful acts of the defendant, the plaintiff has suffered monetary losses.

254.   As a result of the unlawful acts of the defendant, the plaintiff has suffered emotional distress.

## VIII.   THIRD CAUSE OF ACTION (Unlawful Age Discrimination Under the ADEA)

255-329. The plaintiff incorporates as if re-alleged paragraphs 1 through 75.

330.   There does not exist a legitimate non-discriminatory reason for the defendant to refuse to appoint the plaintiff to a position of Commissioner of Human Services.

331.   The plaintiff was fully qualified to perform the duties of the position of Commissioner of Human Services.

332.   The plaintiff had successfully performed the duties of the position of Commissioner of Human Services for a period of approximately six months during the COVID – 19 Pandemic when the then Commissioner of Human Services decided not to oversee the operations of the Department of Human Services.

333.   The defendant refused to appoint the plaintiff to the position of Commissioner of Human Services on account of the plaintiff's age.

334.   The defendant appointed Demetria Nelson, who was substantially younger than the plaintiff, to the position of Commissioner of Human Services.

335.   The defendant discriminated against the plaintiff on account of his age when it appointed Demetria Nelson to the position of Commissioner of Human Services because she was substantially younger than the plaintiff.

336.   Because the plaintiff's age was the but-for reason for the defendant's refusal to appoint the plaintiff to the position Commissioner of Human Services, the defendant violated the provisions of the Age Discrimination and Employment Act, Title 29, U.S.C. 623(a)(1).

337.   The defendant engaged in age discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under The Age Discrimination and Employment Act, Title 29 U.S.C. §623 et seq.

338.   As a result of the unlawful discriminatory actions of the defendant, the plaintiff has suffered emotional distress.

339.   As a result of the unlawful discriminatory actions of the defendant, the plaintiff has suffered financial losses.

X.   **FOURTH CAUSE OF ACTION (Unlawful Discrimination In Violation Of The Connecticut Fair Employment Practices Act § 42a-60(b)(1))**

340-414. The plaintiff incorporates as if re-alleged paragraphs 1 through 75.

415.   The defendant violated the provisions of Connecticut General Statutes § 46a-60(b)(1), when it refused to appoint the plaintiff to the position of Commissioner of Human Services on account of his race and/or age.

416.   There did not exist a legitimate, non-discriminatory reason for the defendant to refuse to appoint the plaintiff to the position of Commissioner of Human Services.

417.   The plaintiff was fully qualified to perform the duties of the position of Commissioner of Human Services.

418.   The plaintiff had successfully performed the duties of the position of Commissioner of Human Services for a period of approximately six months during the COVID – 19 Pandemic when the then Commissioner of Human Services decided not to oversee the operations of the Department of Human Services.

The defendant refused to appoint the plaintiff to the position of Commissioner of Human Services on account of the plaintiff's age and/or race.

419.   The defendant appointed Demetria Nelson, whose race is African American, and who is substantially younger than the plaintiff, to the position of Commissioner of Human Services.

420.   The defendant discriminated against the plaintiff on account of his age and/or race, when it appointed Demetria Nelson to the position of Commissioner of Human Services because she was African American and/or because she was substantially younger than the plaintiff.

421.   Because the plaintiff's race and/or age was a motivating factor and/or but-for cause for the decision of the defendant not to appoint the plaintiff to the position of Commissioner of Human Services, the defendant violated the provisions of Connecticut General Statutes § 46a-60(b)(1).

422.   The defendant, intentionally engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Connecticut General Statutes § 46a-60(b)(1).

423.   As a result of the unlawful discriminatory actions of the defendant, the plaintiff has suffered emotional distress.

424.   As a result of the unlawful discriminatory actions of the defendant, the plaintiff has suffered financial losses.

XI.   **PRAYER FOR RELIEF**

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

(As to the First, Third and Fourth Causes of Action)

  a.   Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

  b.   Enjoin the defendant from engaging in such conduct;

  c.   Require the defendant to appoint the plaintiff to the position of Commissioner of Human Services;

  d.   Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

  e.   Award plaintiff compensatory damages;

  f.   Award plaintiff costs and attorney fees; and

  g.   Grant such other and further relief as the Court may deem just and proper.

(As to the Second Cause of Action)

  a.   Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

  b.   Enjoin the defendant from engaging in such conduct;

  c.   Require the defendant to appoint the plaintiff to the position of Commissioner of Human Services;

d.  Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

e.  Award plaintiff liquidated damages;

f.  Award plaintiff costs and attorney fees; and

g.  Grant such other and further relief as the Court may deem just and proper.

X.  **JURY DEMAND**

**THE PLAINTIFF REQUESTS A TRIAL BY JURY**.


THE PLAINTIFF – JOHN HARVEY


BY/s/ Thomas W. Bucci
     Thomas W. Bucci
     Fed. Bar #ct07805
     WILLINGER, WILLINGER & BUCCI, P.C.
     1000 Bridgeport Avenue
     Suite 501
     Shelton, CT 06484
     Tel: (203) 366-3939
     Fax: (475) 269-2907
     Email: thomaswbucci@outlook.com

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:   **John (Scott) Harvey**
      **349 Riversville Road**
      **Greenwich, CT 06831**

From:   **Boston Area Office**
        **John F. Kennedy Fed Bldg**
        **15 New Sudbury Street, Room 475**
        **Boston, MA 02203**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16A-2021-00080** | **Amon L. Kinsey, Jr.,** **Supervisory Investigator** | **(617) 865-3672** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [ ] | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [X] | Other *(briefly state)*   **Charging Party is pursuing claims in another froum.** |

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

**Feng K. An,**
**Area Office Director**

May 7, 2021

*(Date Issued)*

Enclosures(s)

cc:

**TOWN OF GREENWICH**
**101 Field Point Road**
**Greenwich, CT 06830**

**Thomas W. Bucci, Esq.**
**WILLINGER, WILLINGER & BUCCI, P.C.**
**1000 Bridgeport Avenue, STE. 501**
**Shelton, CT 06484**

PLAINTIFF'S EXHIBIT
ALL-STATE LEGAL®
1



PLAINTIFF'S
EXHIBIT

2

ALL-STATE LEGAL

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

<u>John (Scott) Harvey</u>
**COMPLAINANT**

CHRO No. <u>2120123</u>

vs.

EEOC No. <u>16A-2021-00080</u>

<u>Town of Greenwich</u>
**RESPONDENT**

### <u>RELEASE OF JURISDICTION</u>

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email, at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

**DATE:**      April 30, 2021

Tanya A. Hughes

_____
Tanya A. Hughes, Executive Director

cc: **Complainant's Attorney:** Thomas W. Bucci, Esq. (Via Email – tbucci@wwblaw.com)
   **Respondent's Attorney:** Robert B. Mitchell, Esq.
                  (Via Email – rbmitchell@mitchellandsheahan.com)